THE LAW OFFICES OF

# NATHANIEL Z. MARMUR, PLLC

500 FIFTH AVENUE, 40TH FLOOR, NEW YORK, NY 10110
T: 212-257-4894  F: 646-829-9519
NMARMUR@MARMURLAW.COM
WWW.MARMURLAW.COM

**BY ECF**

October 17, 2016

The Hon. Norman A. Mordue
United States District Judge
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse, NY 13261-7336

        Re:  <u>United States v. Michael Bouchard</u>, 12 Cr. 381 (NAM)

Dear Judge Mordue:

        The government waited until the eve of the scheduled sentencing to file a memorandum that not only responds to our initial sentencing submission, but also replies to our response. We therefore ask the Court to accept this short reply to the government's response on behalf of Michael Bouchard.

        The government's stubborn refusal to recognize the several material changes in the sentencing parameters begins with its denial of the obvious proposition that penal statutes that have not yet been enacted (located in PL Article 187) cannot conceivably be the basis for a finding of relevant conduct. The cases it offers do not remotely support the propositions for which they are cited, and some of the parantheticals grossly distort the holdings of the cases. <u>Compare, e.g.,</u> Gov't Mem. at 2 (citing <u>United States v. Bennett</u>, 37 F.3d 687, 699 (1st Cir. 1994), for proposition that "the Ex Post Facto clause does not apply to relevant conduct"), with <u>Bennett</u>, 37 F.3d at 699 (holding that Ex Post Facto clause required use of earlier guidelines manual even if relevant conduct continued beyond date of charged conduct). The government then pivots, citing for the first time a mishmash of other potential state crimes for which it does not even attempt to apply

1

THE LAW OFFICES OF
## NATHANIEL Z. MARMUR, PLLC

the element test set forth in the Second Circuit's decision in United States v. Ahmad, 202 F.3d 588, 592 (2d Cir. 2000), a case central to the government's original sentencing memorandum. Mr. Bouchard was convicted of a conspiracy to make false statements to influence private financial institutions. The statutes the government cites, all substantive offenses, are not clearly analogous: PL 175.30 and 175.35 prohibit filing false statements with public agencies; PL190.60 and 190.65 involve the element of intent to defraud, which is not found in the offense of conviction; and PL 155.30 involves the theft of property, again not found in the offense of conviction.

Next, the government slices and dices the Studley factors to attempt to rob them of all meaning, all the while ignoring that the Second Circuit actually provided guidance in that case by demonstrating the types of evidence that a sentencing court should examine when deciding when to include acquitted counts as relevant conduct. Nowhere does the government discuss who devised and implemented the scheme (not Mr. Bouchard), how the fraudsters divided the proceeds (Bouchard received his usual fee, while the others divvied up the illegal profits), and the scope of Bouchard's role (it was limited, as the jury found). Moreover, the citations to the Second Circuit's Bouchard opinion are misleading – the Court there was not assessing "the sufficiency of the evidence," Gov't Mem. at 4, but reciting the trial evidence in the light most favorable to the government as part of the opinion's "Background" section. The Court did not suggest that Mr. Bouchard knew the loans were doomed to fail; if it had, it would not have remanded for a new sentencing. Finally, unable to unearth any evidence that Mr. Bouchard knew that the loans were toxic, the government argues for a respondeat superior theory of liability, which has no place in our criminal law. See Gov't Mem. at 8 (citing Stanley Skubis's testimony that "an attorney is responsible for what's going on in that office").

THE LAW OFFICES OF
## NATHANIEL Z. MARMUR, PLLC

The government's minor role argument founders on its erroneous contention that Mr. Bouchard was "arguably the most important player in the scheme," Gov't Mem. at 6.  This is not only factually inaccurate – the scheme ran smoothly before Mr. Bouchard's firm was recruited to participate – but it is legally off base, see U.S.S.G. §3B1.2, comment. n.3(C)(whether "a defendant performs an essential or indispensable role in the criminal activity is not determinative).

But perhaps the greatest evidence of the government's stubbornness is its refusal to acknowledge that numerous changes have occurred that warrant a lower sentence under 18 U.S.C. §3553(a).  Those include: a significant change in the type of conduct for which Mr. Bouchard was convicted (agreeing to influence, but not actually defrauding, financial institutions); substantially lower statutory maximum sentences; a substantially lower guidelines level (whether it is 60 months or below that); a lower loss table; and Mr. Bouchard's excellent conduct while incarcerated.  The government continues to view the 87-108 months as the lodestar, even while giving lip service to the lower range.  It devalues the courses that Mr. Bouchard took at Canaan, even though those are the courses its sister agency, the Bureau of Prisons, offers to inmates.  And it cites the legally irrelevant fact that this Court sentenced Mr. Bouchard to concurrent terms of 48 months on each of the counts, a technical implementation of a guidelines directive, see §5G1.2 ("the court shall determine the total punishment and shall impose that total punishment on each count"), and not a judicial determination of the relative seriousness of each count of conviction.

Respectfully,

*[signature]*

Nathaniel Z. Marmur

cc:   AUSA Tamara Thomson (by ECF)